IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| MODERN ENGINEERING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  07-CV-1055 |
| ) | |
| JUSTIN PETERSON, ) | |
| ) | |
| Defendant. ) | |

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

OPINION

Before the Court is Plaintiff's Motion to Compel Discovery and memorandum in support [20], and Defendant's Response [23]

Standard for Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981);

see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."  Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery

should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

## Background

In summary, Plaintiff alleges Defendant was employed by Plaintiff in a position selling engineering support services. Defendant signed an employment agreement wherein he agreed for the period of one year after his employment ended, he would not call on or solicit any of the Plaintiff's customers. He had access to confidential customer information and trade

secrets. Plaintiff alleges that before tendering his resignation, Defendant repeatedly provided sensitive information to Plaintiff's largest competitor via e-mail in an attempt to obtain employment with that competitor. Plaintiff pleads in three counts alleging breach of contract, breach of fiduciary duties and violation of the Illinois Trade Secrets Act. Plaintiff request preliminary and permanent injunction and damages. See Plaintiff's Complaint [1].

A Motion for Preliminary Injunction is set before Judge Mihm on July 30, 2007 with a status conference set July 19, 2007. The discovery sought by Plaintiff is integrally involved with the issues before the Court on the Motion for Preliminary Injunction. On May 30, 2007, Judge Mihm put an accelerated discovery schedule into place because of the pending Motion for Preliminary Injunction. (See minute entry of May 30, 2007.)

Analysis

The Court always desires that detailed discussions be held between counsel on any objection to discovery requests. The Court herein believes that Rule 37's meet and confer requirements should not be a bar to Plaintiff's Motion to Compel. This finding is required in part because of the short time frame allowed for discovery to prepare for the hearing set July

30, 2007.  Therefore, the Court will rule substantively on Plaintiff's motion, and not strike it as requested by Defendant.

Plaintiff's Interrogatory #1

Defendant is directed to supplement his answer to this interrogatory and identify <u>all</u> devices <u>used</u> by Defendant capable of storing electronic data from January 1, 2006 to present and list type of device, manufacture and model name or number.

Plaintiff's Interrogatory #7

The Court agrees with Plaintiff that this interrogatory requests relevant information.  Therefore, Defendant is directed to answer, in detail, interrogatory #7 from his memory and/or consultation with any personal calendar kept by Defendant and answer the interrogatory to the best of his ability.  The Defendant is under no obligation to use records that belong to a third party to refresh his recollection before answering.  Plaintiff has many different discovery tools available to obtain that type of information from third parties.

Plaintiff's Document Requests

Herein, Plaintiff requests Defendant to produce any and all written materials that Defendant has presented to any office, division, facility or individual associated with Caterpillar on behalf of ACCS, and any and all e-mails, letters, correspondence, text messages, or other electronic communications that Defendant has transmitted to any office, division, facility, or individual associated with Caterpillar on behalf of ACCS. Defendant objected and stated: "Defendant objects to this request. The information does not belong to Defendant and the records associated with these transactions are in the possession of ACCS, not Defendant."

The Court agrees with Plaintiff that "ownership" is not the issue - rather it is "care, custody, and control". See Rule 34(a). Plaintiff's requests must be closely read. They contain the words: "that Defendant has presented" or "that Defendant has transmitted" . . . Defendant's answer states the information sought are in possession of ACCS (Defendant's employer), not Defendant. Possession is not determinative. Custody and control are broader than possession. Moore's Federal

Practice 3D, §34.14[2][6].   Control has been defined to include the "legal right to obtain the documents requested upon demand".  The term "control" is to be liberally construed.  See <u>Henderson v. Zurn Industries, Inc.</u>, 131 F.R.D. 560, 567 (S.D. Ind., 1990).  Moore's *supra* has compiled a set of ten factors to review when analyzing whether a party has control of documents subject to a Rule 34 request.  Upon the Court's review of those factors, a majority of those factors mitigate against compelling this individual Defendant to produce corporate documents that "belong" to Defendant's new employer ACCS.[1]  However, Defendant is obligated to comply with Plaintiff's document requests and produce any responsive documents that Defendant "presented" or "transmitted" that are currently in Defendant's care, custody, or control.  The Court also agrees with Defendant that Plaintiff has other discovery means available to acquire the ACCS corporate documents other than from Defendant.  Wherefore, Plaintiff's motion to compel production of documents is ALLOWED in part and DENIED in part.

---

[1]**See <u>American Maplan Corp. v. Heilmayr</u>, 203 F.R.D. 499, 502 (D.Kan., 2001) Corporation brought suit against its former employee alleging violation of a covenant not to compete and wrongful solicitation of its customers - lawsuit vs president of corporation in his individual capacity and not against corporation itself, plaintiff was <u>not</u> permitted to use Rule 34 document request to compel defendant president of corporation to produce records of corporation.  Proper discovery remedy was a subpoena to non-party corporation.**

WHEREFORE Plaintiff's Motion to Compel Discovery [20] is ALLOWED in part and DENIED in part.  Defendant to answer interrogatories #1 and #7 and to produce the documents ordered herein by July 20, 2007.

ENTERED July 16, 2007

        s/ Byron G. Cudmore
        _____
        BYRON G. CUDMORE
        UNITED STATES MAGISTRATE JUDGE